Filed 9/16/16  P. v. Nix CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065458 |
| v. | (Super.Ct.No. BAF1500106) |
| DEONDRE DELONE NIX, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  W. Charles Morgan, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Nancy S. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Deondre Nix is serving an eight-year prison term after a jury convicted him of first degree robbery and other charges.  Defendant attacked and threatened a former roommate in her home to collect a disputed $50 debt.  We affirm.

1

Defendant and the victim met and became friends at the end of October in 2014. Defendant would come to the victim's studio apartment on a daily basis, until they lost touch after about a month. In January 2015, defendant resumed visiting the victim regularly, and in February defendant and his girlfriend lived with the victim, sleeping on her convertible couch. After moving out, defendant and his girlfriend continued to visit the victim. Also at that time, another couple with whom they were all friends, Eric and Pearl, began staying with the victim.

On March 7, 2015, defendant and a woman came to the apartment. The woman was a friend of defendant's, whom he had introduced to the victim and with whom the victim had become friends. While the woman waited outside, defendant demanded that Eric let him in. Eric did so. Defendant went over to the where the victim was sitting on her bed. He began yelling at her and calling her names and poured a tall can of beer on her head. Defendant put his hands around the victim's neck and starting choking her. Eric and Pearl tried to pull defendant off. Defendant hit the victim with his hands on her face, arms and legs. Defendant grabbed a milk crate full of books and threw it at the victim, hitting her in the face. Defendant continued to yell and hit the victim. He told her that she owed him $50, and that he was going to hit her every seven seconds until she gave him the money. The victim told him that she had already repaid him, but he continued to hit her. Defendant then started to take off his clothes, leaving on only his shorts. The victim took a $100 bill out of her pocket and threw it at him. As he got dressed, defendant continued to yell at the victim and threatened to go find her 15-year-

2

old son so he could rape and kill him. After getting dressed, defendant left, about 30 to 40 minutes after entering the apartment. A neighbor heard the yelling and eventually called police. The officer saw defendant walking away from the apartment and asked if he heard or saw anything. Defendant told the officer to speak to the person standing outside the victim's apartment. The officer later found defendant at a nearby restaurant and arrested him.

On October 16, 2015, the People filed an information charging defendant with robbery (Pen. Code, § 211, count 1),[1] assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1), count 2) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 3). The People also alleged two prison term prior convictions (§ 667.5, subd. (b)).

On January 7, 2016, the jury found defendant guilty of counts 1 and 3, and guilty in count 2 of the lesser included offense of assault (§ 240).

On February 18, 2016, the trial court sentenced defendant to eight years in prison as follows: the upper term of six years for the robbery, 180 days jail time on count 2, to run concurrent with count 1, and the midterm of three years on count 3. The court stayed the sentences on counts 2 and 3 under section 654, and imposed two one-year consecutive sentences for the prison term priors.

This appeal followed.

---

[1] All further statutory references are to the Penal Code except where otherwise indicated.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.

4